# IN THE COURT OF APPEALS OF IOWA

No. 19-0841
Filed March 4, 2020

**KATHERINE I. BALDWIN,**
    Plaintiff-Appellant,

**vs.**

**DEVON EDWARD FRASCH a/k/a DEVON EDWARD FRASH,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Floyd County, James M. Drew,
Judge.

Katherine Baldwin appeals the district court's order dismissing her contempt
action. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant.

David H. Skilton of Cronin, Skilton & Skilton, P.L.L.C., Charles City, for
appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

This case involves a child support issue involving two parents, Katherine Baldwin and Devon Frash.[1] In 2000, the Child Support Recovery Unit (CSRU) of the Iowa Department of Human Services (DHS) commenced an action under Iowa Code Chapter 252C (2000) against Frash. In August 2000, the district court approved the CSRU's proposed order establishing Frash's child support obligation.

Then, in January 2001, Baldwin and Frash entered a "stipulation and agreement" (stipulation). The stipulation purported to modify Frash's child support obligation and, in addition, resolve issues such as custody, physical care, visitation, and others. In February 2001, the district court entered an order approving the stipulation.

In August 2017, Baldwin brought a contempt action alleging Frash violated the February 2001 order by failing to comply with several specific provisions of the January 2001 stipulation. The district court found the February 2001 order was void and dismissed the contempt action. Baldwin appeals.

In its thorough, detailed order, the district court noted that Frash's support obligation arose from an order entered in an administrative action under Iowa Code chapter 232C. Therefore, the court noted, under Iowa Code section 252H.1, "only the CSRU"—not private parties like Baldwin and Frash—had authority "to initiate a modification action within this particular case." Moreover, the court noted, although CRSU is a party to the administrative action, the CRSU was not given

---

[1] We note appellee's last name is spelled both "Frash" and "Frasch" in the record. But we elect to use "Frash" as that spelling is used in the appellee's brief.

notice of the parties' stipulation or proposed order. Additionally, under section 252H.3(2), the nonsupport issues included in the January 2001 stipulation—such as custody, physical care, and visitation—could not be considered by the court. Because of these defects, the court concluded, the February 2001 order was void. And a void order cannot form the basis of a contempt action.

On appeal, Baldwin makes no direct attack on the district court's reasoning. Still, Baldwin contends, the January 2001 stipulation and—more to the point—the February 2001 order can be enforced "pursuant to the court's equity powers under Chapter 600B." But the record does not show this contention was ruled upon by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 541 (Iowa 2002) (holding issues not raised before and ruled upon by the district court are not preserved for appellate review). Nor did Baldwin "call to the attention of the district court its failure to consider the issue, and to give the court an opportunity to pass upon it." *Id.* "Accordingly, the issue is waived." *Id.*

Even if waiver were not a concern, however, we would still affirm. As Frash correctly points out, Baldwin never initiated a new case under chapter 600B. No separate petition was filed and no filing fee was paid. In fact, Baldwin concedes in her reply brief that "for some unknown reason" her attorney "did not file a new petition for the custody action." So chapter 600B is not relevant here. *See also* Iowa Code § 598.21C(3) (providing a modification to a support order entered under chapter 252C or 600B is void if proper notice has not been given to all parties to the order and noting DHS is a party to the order if it has been assigned support payments).

**AFFIRMED.**